IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GARY EYE, )
)
      Movant, )
)
vs. ) Case No. 11-1130-CV-W-ODS
) Crim. No. 05-00344-01-CR-W-ODS
UNITED STATES OF AMERICA, )
)
      Respondent. )

ORDER AND OPINION DENYING MOTION FOR RECONSIDERATION

On May 22, 2013, the Court denied Movant's request for Postconviction Relief pursuant to 28 U.S.C. § 2255 and declined to issue a Certificate of Appealability. He then filed a Motion for Reconsideration (Doc. # 38), which is denied.

The initial issue Movant raises involves the Court's decision not to conduct an evidentiary hearing. A hearing is not necessary when the movant's factual allegations (1) would not entitle the movant to relief even if they were true or (2) they are contradicted by the record. E.g., Evans v. United States, 200 F.3d 549, 551 (8th Cir. 2000). The Court's May 22 Order and Opinion adequately explains why a hearing is unnecessary.

Movant also contends that his trial and appellate attorneys could not have been expected to assert claims of their own ineffectiveness, so claims of ineffective assistance could not have been procedurally defaulted. This is true. However, many of Movant's claims are *not* claims of ineffective assistance: they are assertions of error by this Court (or the Court of Appeals). To the extent those claims were not raised they have been procedurally defaulted and cannot be considered unless Movant can demonstrate counsel was ineffective. His inability to demonstrate ineffective assistance of counsel served as an impediment to consideration of many of his substantive claims – but the Court did not hold that his claims of ineffective assistance of counsel were defaulted.

Movant's remaining arguments were adequately addressed in the Court's May 22 Order and Opinion, and further discussion is not necessary.  The Motion for Reconsideration is denied.

IT IS SO ORDERED.

DATE: July 3, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT